O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

RICHARD VILLEARREAL,

          Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

          Defendant.

Case No. 2:17-CV-05912 (VEB)

DECISION AND ORDER

## I. INTRODUCTION

In July of 2003, Plaintiff Richard Villearreal applied for Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security granted the application. However, in October of 2014, the Commissioner determined that Plaintiff had experienced medical improvement and was no longer entitled to receive disability benefits. Plaintiff, represented by the

1
DECISION AND ORDER – VILLEARREAL v BERRYHILL 2:17-CV-05912-VEB

Law Offices of Lawrence D. Rohlfing, Cyrus Safa, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12, 19). On April 11, 2018, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 18).

## II. BACKGROUND

Plaintiff applied for benefits on July 30, 2003, and was found to be disabled as of July 1, 2003. (T at 60).[1] The Commissioner terminated benefits on October 22, 2014, finding that Plaintiff was not longer disabled. (T at 63-65). Plaintiff requested reconsideration, which was denied, and Plaintiff thereafter requested a hearing before an Administrative Law Judge ("ALJ"). On July 1, 2015, a hearing was held before ALJ Paul Coulter. (T at 35). The hearing was adjourned to allow Plaintiff to obtain representation. (T at 40). A second hearing was held on February 4, 2016. (T at 41). Plaintiff appeared with his attorney and testified. (T at 44-57). The ALJ also received testimony from Susan Allison, a vocational expert (T at 57-59).

---

[1] Citations to ("T") refer to the transcript of the administrative record at Docket No. 16.

On February 19, 2016, the ALJ issued a written decision finding that Plaintiff's disability ended on October 1, 2014. (T at 17-34). The ALJ's decision became the Commissioner's final decision on June 13, 2017, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On August 9, 2017, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on January 8, 2018. (Docket No. 15). The parties filed a Joint Stipulation on April 9, 2018. (Docket No. 17).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case must be dismissed.

### III. DISCUSSION

**A.      Cessation of Benefits**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a

claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experience, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

Once a claimant is found disabled, there is a presumption of continuing disability. *See Bellamy v. Secretary of Health and Human Services*, 755 F.2d 1380, 1381 (9th Cir. 1985). While the claimant retains the burden of proof as to ongoing disability, the burden of production shifts to the Commissioner to produce evidence to rebut the presumption. *Id*. Disability benefits may be terminated if the Commissioner presents substantial evidence demonstrating medical improvement such that the claimant is able to engage in substantial gainful activity. *See* 42 U.S.C. § 423(f); *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1983).

When a benefit recipient challenges cessation, the issue is whether the recipient's medical impairments have improved to the point where he or she is able to perform substantial gainful activity. This question is subjected to a two-part evaluation process: (1) whether "there has been any medical improvement in [the

individual's] impairment(s)" and, if so, (2) "whether this medical improvement is related to [the individual's] ability to work." 20 C.F.R. § 416.994(b).

Under the first prong, the Regulations define "medical improvement" as "any decrease in the medical severity of [the individual's] impairment(s) which was present at the time of the most recent favorable medical decision that [the individual was] disabled or continued to be disabled." 20 C.F.R. § 416.994(b)(1)(i).

"A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the individual's] impairment(s)." 20 C.F.R. § 416.994(b)(1)(i). Moreover, "if there has been a decrease in the severity … of the impairment(s) present at the time of the most recent favorable medical decision," the medical improvement is related to the individual's ability to work only if there has been a corresponding "increase in [the claimant's] functional capacity to do basic work activities." 20 C.F.R. § 416.994(b)(1)(ii).

**B.  Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is

supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.   Commissioner's Decision**

The ALJ noted that Plaintiff had been determined to be disabled under the Social Security Act as of September 12, 2003, making that the comparison point decision ("CPD"). (T at 21). The ALJ found that, as of the CPD, Plaintiff's affective disorder, anti-social personality disorder, and polysubstance dependence met §§12.04 and 12.08 of the Listings, thereby supporting a finding of disability under the Act. (T at 21).

The ALJ determined that, as of October 1, 2014, Plaintiff had the following medically determinable impairments: anxiety disorder, adjustment disorder, major depressive disorder, polysubstance abuse (in remission), history of post-traumatic stress disorder, thoracolumbar strain, and obesity. (T at 22). The ALJ concluded that, as of October 1, 2014, Plaintiff no longer had an impairment or combination of

7

DECISION AND ORDER – VILLEARREAL v BERRYHILL 2:17-CV-05912-VEB

impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 22).

The ALJ determined that medical improvement occurred as of October 1, 2014. (T at 223). The ALJ concluded that the improvement related to Plaintiff's ability to work because, as of October 1, 2014, Plaintiff's impairments no longer met or medically equaled any Listings-level impairment. (T at 23).

The ALJ found that Plaintiff did continue to have severe impairments as defined under the Act. (T at 24). However, the ALJ determined that Plaintiff retained the residual functional capacity to perform medium work, as defined in 20 CFR § 416.967 (c), with the following limitations: lift, carry, push or pull 50 pounds occasionally and 25 pounds frequently; stand and walk for about 6 hours out of 8; sit for about 6 hours out of 8 hours in a workday; understand, remember, and carry out simple job instructions (but unable to perform work requiring direction of others, abstract thought, or planning); and maintain attention and concentration to perform non-complex, routine tasks in a work environment free of fast-paced production requirements. (T at 24).

The ALJ noted that Plaintiff had no past relevant work. (T at 28). Considering Plaintiff's age (45 as of the date of medical improvement), education (high school), work experience, and residual functional capacity, the ALJ found that, as of October

1, 2014, a significant number of jobs existed in the national economy that Plaintiff could perform. (T at 28). As such, the ALJ concluded that Plaintiff's disability ended on October 1, 2014, and that he did not become disabled again between that date and February 24, 2016 (the date of the ALJ's decision). (T at 29).

**D.  Disputed Issue**

As set forth in the parties' Joint Stipulation (Docket No. 23), Plaintiff offers a single argument in support of his claim that the Commissioner's decision should be reversed. He contends that the ALJ's RFC determination was not supported by substantial evidence.

## IV. ANALYSIS

An ALJ's assessment of the claimant's residual functional capacity ("RFC") must be upheld if the ALJ has applied the proper legal standard and substantial evidence in the record supports the decision. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ must consider all the medical evidence in the record and "explain in [her] decision the weight given to . . . [the] opinions from treating sources, nontreating sources, and other nonexamining sources." 20 C.F.R. § 404.1527(e)(2)(ii); see also § 404.1545(a)(1).

In determining the claimant's RFC, the ALJ considers those limitations for which there is support in the record and need not consider properly rejected evidence or subjective complaints. *See Bayliss*, 427 F.3d at 1217.

In this case, Dr. Raymond Yee performed a consultative psychiatric evaluation on August 9, 2014. Plaintiff told Dr. Yee that he had received psychiatric outpatient treatment from 2002 to 2004 because it was court-ordered. (T at 255). Plaintiff said he was not willing to take any psychiatric medications. (T at 257). Dr. Yee diagnosed adjustment disorder, NOS, and assigned a Global Assessment of Functioning ("GAF") score[2] of 55-60 (T at 257), which is indicative of moderate symptoms or difficulty in social, occupational or educational functioning. *Metcalfe v. Astrue*, No. EDCV 07-1039, 2008 US. Dist. LEXIS 83095, at *9 (Cal. CD Sep't 29, 2008). Dr. Yee opined that Plaintiff could perform the demands of basic work activity with no mental health limitations. (T at 257).

On September 2, 2014, Dr. S. Gold, a non-examining State Agency review physician, opined that Plaintiff did not have a severe mental impairment. (T at 258-68). Dr. Gold's findings were affirmed on January 15, 2015, by Dr. G. Johnson, another State Agency review physician. (T at 283-93).

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

The ALJ gave some weight to the findings of Dr. Yee and the State Agency review physicians. (T at 27-28). However, the ALJ noted that none of these physicians had an opportunity to review the full medical record. (T at 27). The ALJ found that based on his assessment of the full record, and giving partial credit to Plaintiff's subjective claims, a finding of some work-related limitations arising from Plaintiff's mental health impairments was warranted. (T at 27-28).

Plaintiff challenges, in conclusory fashion, the ALJ's assessment of the medical evidence and also argues that additional medical records submitted to the Appeals Council create doubt as to whether the ALJ's conclusion is supported by substantial evidence.

This Court finds the ALJ's decision supported by substantial evidence.

The ALJ's decision to give some weight to the assessment of Dr. Yee was proper. Although Dr. Yee did not have access to the full medical record, his assessment was based on his examination of Plaintiff in light of his experience and expertise. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding that examining physician's "opinion alone constitutes substantial evidence, because it rests on his own independent examination of [claimant]").

The ALJ likewise properly gave weight to the assessments of the State Agency review physicians. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996);

*see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

The ALJ also found that Plaintiff's subjective claims of continued disability were not fully credible. (T at 25). In particular, the ALJ noted Plaintiff's poor work history, inconsistent statements, and extended periods of adequate functioning without mental health treatment. (T at 25-27). This assessment, which Plaintiff has not challenged, provides further support for the RFC determination.

This Court acknowledges that Plaintiff submitted additional records pertaining to mental health treatment he received while incarcerated between December 2014 and March of 2015. (T at 403-66). However, Plaintiff does not explain how this evidence is even arguably sufficient to undermine the ALJ's assessment. A remand based on new evidence is not necessary unless that evidence creates a reasonable possibility that it would change the outcome of the ALJ's decision. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Plaintiff has not established that the evidence of treatment during the relatively brief period of incarceration creates a reasonably possibility that it would change the outcome of the disability determination.

Plaintiff was able to function for several years without any treatment for his mental health impairments. (T at 23, 164-65, 254-55, 257, 378). Although he began receiving court-mandated treatment in late 2014 and early 2015, during and after his incarceration, treatment was relatively infrequent. (T at 329-43, 350-83). Moreover, while the treatment records document some subjective symptoms (anxiety, pressured speech, sad mood and affect, mild agitation, and biweekly panic attacks surrounding law enforcement), Plaintiff's mental status examinations were generally normal, with no treating provider assessing limitations inconsistent with the ALJ's RFC determination. (T at 329, 332-33, 335-38, 340-43, 350-53, 368-69, 372, 373, 378).

Moreover, as noted above, this is not a case where the ALJ discounted entirely the evidence of ongoing mental health impairment. Rather, the ALJ carefully weighed that evidence and incorporated several limitations in the RFC related to Plaintiff's apparent difficulties with job stress, complex job instructions, and difficulties with authority. (T at 24).

Plaintiff's suggestion that the evidence of record, including the new evidence, creates doubt as to whether the ALJ's decision is supported by substantial evidence is unavailing. Even to the extent there was arguably a conflict in the evidence, the ALJ adequately resolved that conflict and the additional evidence submitted to the Appeals Council creates no reasonable possibility of a different outcome. *Molina v.*

13
DECISION AND ORDER – VILLEARREAL v BERRYHILL 2:17-CV-05912-VEB

*Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012)("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff experienced medical improvement as of October 1, 2014, and is no longer entitled to disability benefits. This Court finds no reversible error and substantial evidence supports the Commissioner's decision.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 25th day of September, 2018,

<u>/s/Victor E. Bianchini</u>
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE